UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

        :

Case No. 2:23-cr-68
Judge Sarah D. Morrison

PHILIP A. STEPNEY, JR.,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Phillip A. Stepney, Jr.'s Motion to Suppress Evidence Obtained from the Warrantless Search and Seizure of his Person and Vehicle. (Mot., ECF No. 27.) The Government responded. (Resp., ECF No. 31.) For the reasons set forth below, the Motion is **DENIED**.

**I.   BACKGROUND**

On May 3, 2022, Columbus Division of Police Officers Davis and Reardon pulled over behind a parked Toyota Camry after observing "two males seated in the vehicle, who appeared to be smoking a marijuana cigarette." (Resp. Exh. 1, ECF No. 31-1.) The two men "both quickly jumped out of the vehicle[.]" (*Id.*) Officer Davis approached Mr. Stepney, who had exited the driver's side of the Camry, and asked "Were you guys just smoking a doobie?" (Resp. Exh. 2[1], 2:05.) Officer Davis stated in his report that he "could smell an odor of burnt marijuana and fresh marijuana

---

[1] Exhibit 2 is a video that was manually filed with the Court. (*See* ECF No. 33.)

emitting from the vehicle and from the occupants." (Resp. Exh. 1.) The men denied smoking marijuana as the officers approached the car. After peering inside the driver's side window, Officer Davis asked, "That ain't a doobie right there, bro? Look in the center console thing, man. Am I wrong?" (Resp. Exh. 2, 2:12.) Mr. Stepney responded by saying "God damn, bro," and pulled a small baggie containing a green substance out of his left jacket pocket. (*Id.*, 2:20.) He gave the baggie to Officer Davis. (*Id.*, 2:32.) Officer Davis then advised Mr. Stepney and his passenger that they would be "detained for a second" and led them to a concrete step on the edge of the sidewalk. (*Id.*, 2:37.) Officer Davis took Mr. Stepney's phone, handcuffed him, and patted him down. (*Id.*) Officer Reardon searched the vehicle and recovered a "purple handgun under the driver's seat . . . with six live rounds in the magazine." (Resp. Exh. 1; Resp. Exh. 2, 6:20.)

Mr. Stepney was indicted on one count of being a felon in possession of a firearm. (ECF No. 3.) He now argues that the Officers lacked reasonable suspicion to perform a *Terry* stop and lacked probable cause to conduct a vehicle search, so that all evidence recovered should therefore be suppressed.[2] (Mot., *generally*.)

---

[2] In his Conclusion, Mr. Stepney urges the Court to "suppress all of the fruits flowing from the search and seizure of him and his vehicle (i.e. the alleged marijuana baggie, gun, statements, etc.)." (Mot., PAGEID # 79.) Mr. Stepney's motion makes no developed argument that Mr. Stepney was interrogated before being read his *Miranda* rights. The Court does not consider this singular reference in the penultimate sentence of his motion sufficient to raise the issue. *Cf. McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones.") (quotation and alteration omitted).

2

Mr. Stepney requested an evidentiary hearing on his Motion. "A district court is required to hold an evidentiary hearing when the defendant has set forth contested issues of fact that bear upon the legality of the search." *United States v. Thompson*, 16 F. App'x 340, 344 (6th Cir. 2001). But Mr. Stepney does not contest any issue of fact bearing upon the legality of the search, and the Court sees no need for further argument on the Motion. The request for a hearing is **DENIED**.

## II. ANALYSIS

### A. Legal Standards

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated[.]" U.S. CONST. amend. IV. Mr. Stepney argues that the Officers violated his Fourth Amendment right to be free from unreasonable search and seizure when they conducted a *Terry* stop and when they searched his vehicle.

*Terry* Stop. Mr. Stepney characterizes his detention on the sidewalk as a *Terry* stop. (Mot., PAGEID # 77–78 (citing *Terry v. Ohio*, 392 U.S. 1 (1968)).) *Terry* "permits a police officer briefly to detain a person or property for investigative purposes if the officer has a reasonable suspicion, supported by articulable facts, that criminal activity has occurred or is about to occur." *United States v. Davis*, 430 F.3d 345, 354 (6th Cir. 2005). The Sixth Circuit has explained that "[r]easonable suspicion exists when, based on the totality of the circumstances, a police officer has a particularized and objective basis for suspecting the particular person stopped of criminal activity." *Bey v. Falk*, 946 F.3d 304, 313 (6th Cir. 2019) (quoting *United States v. Gross,* 662 F.3d 393, 399 (6th Cir. 2011)). Although an officer's "inchoate

3

and unparticularized suspicion[s]" are not to be given weight, courts should consider "the specific reasonable inferences which [the officer] is entitled to draw from the facts in light of his experience." *Terry*, 392 U.S. at 27.

Vehicle Search. A warrantless search is presumptively unreasonable unless an exception applies. *Katz v. United States*, 389 U.S. 347, 357 (1967). "Under the automobile exception to the warrant requirement, an officer may perform a warrantless search of a detained vehicle should the officer have probable cause to believe the vehicle contains contraband or evidence of criminal activity." *United States v. Lyons*, 687 F.3d 754, 770 (6th Cir. 2012). "Probable cause exists where 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Wright*, 16 F.3d 1429, 1437 (6th Cir. 1994) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). It is determined based on "the objective facts known to the officers at the time of the search." *United States v. Smith*, 510 F.3d 641, 648 (6th Cir. 2007) (internal quotation marks and citation omitted). Neither the subjective intent of the officers, nor events that occurred after the search, are considered. *Id*. When probable cause is present under the automobile exception, police may search "any area of the vehicle in which the evidence might be found." *Arizona v. Gant*, 556 U.S. 332, 347 (2009); *see also United States v. Ross*, 456 U.S. 798, 825 (1982) ("If probable cause justifies the search of a lawfully-stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.").

4

B.   **Application**

Mr. Stepney's Fourth Amendment rights were implicated for the first time when Officer Davis detained him on the sidewalk. By that point, Officer Davis had smelled burnt and raw marijuana, and had seen a marijuana cigarette[3] in plain view. Almost immediately thereafter, Mr. Stepney pulled a bag from his pocket that appeared to be marijuana. Under those circumstances, Officer Davis had reasonable suspicion to conduct the *Terry* stop, *see United States v. McCallister*, 39 F.4th 368, 375–76 (6th Cir. 2022), and probable cause to search the vehicle, *see United States v. Crumb*, 287 F. App'x 511, 514 (6th Cir. 2008) (citing *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir. 1993)).

The Motion to Suppress (ECF No. 27) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

---

[3] Mr. Stepney describes the cigarette in the center console as "a Black and Mild tobacco cigar[.]" (Mot., PAGEID # 76.) Even if the cigarette in the center console was not a marijuana cigarette as Officer Davis suspected, the smell of marijuana emanating from the vehicle and its occupants was sufficient to establish probable cause to search the vehicle under existing precedent. *Crumb*, 287 F. App'x at 514 (6th Cir. 2008) (collecting cases and explaining that "the detection of a narcotic's odor, by itself, is sufficient to provide probable cause to conduct a lawful search of a vehicle").

5